T.C. Memo. 1997-286

UNITED STATES TAX COURT

PHILIP D. AND ELEANOR G. WINN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DAVID A. AND LOUISE A. GITLITZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5358-96, 5359-96.        Filed June 24, 1997.

Darrell D. Hallett, Larry N. Johnson, Robert J. Chicoine,
and John M. Colvin, for petitioners.

Keith G. Medleau, for respondent.

MEMORANDUM OPINION

COHEN, Chief Judge:  Respondent determined a deficiency of
$242,555 in Philip D. and Eleanor G. Winn's (the Winns) 1992
Federal income tax and a deficiency of $251,192 in David A. and

Louise A. Gitlitz's (the Gitlitzes) 1991 Federal income tax.  The issue for decision is whether Philip D. Winn (Winn) and David A. Gitlitz (Gitlitz) are entitled to claimed S corporation losses of approximately $1 million, which in turn depends upon whether Winn and Gitlitz may increase their respective adjusted bases in the S corporation stock by their pro rata allocation of discharge of indebtedness income.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

These matters are before the Court on respondent's motions for summary judgment filed January 31, 1997, and on petitioners' cross-motions for partial summary judgment filed March 25, 1997.

Background

At the time their respective petitions were filed, all petitioners resided in Colorado.

Winn and Gitlitz were shareholders in P.D.W. & A., Inc. (PDW&A), a Colorado corporation.  In 1991, PDW&A had an election in effect to be taxed as a subchapter S corporation.  Effective January 1, 1992, PDW&A revoked its S corporation election.

PDW&A was a partner in Parker Properties Joint Venture (Parker).  Parker realized $4,154,891 in discharge of indebtedness income in 1991.  PDW&A's distributive share of Parker's discharge of indebtedness income in 1991 was $2,021,296.

- 3 -

At the time that Parker realized the discharge of indebtedness income, PDW&A was insolvent to the extent of $2,181,748.

Winn increased his basis in his PDW&A stock by the amount of his pro rata share ($1,010,648) of the discharge of indebtedness income.  Winn did not claim a loss on the Winns' 1991 Federal income tax return because Winn believed that the passive activity loss limitations prevented him from doing so.  On the Winns' 1992 Federal income tax return, Winn claimed losses from PDW&A that were carried over from 1991 totaling $1,010,648.

Gitlitz increased his basis in his PDW&A stock by the amount of his pro rata share ($1,010,648) of the discharge of indebtedness income.  Gitlitz claimed losses from PDW&A totaling $1,010,648 on the Gitlitzes' 1991 Federal income tax return. Absent the basis increase, the deductibility of these losses would have been suspended under section 1366(d).

Respondent disallowed the losses claimed by Winn and Gitlitz on the premise Winn and Gitlitz lacked sufficient basis in their PDW&A stock.

Discussion

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).  The parties agree that whether discharge of

indebtedness income increases a taxpayer's basis in his

S corporation stock may be decided as a matter of law.

Section 1367(a)(1) provides:

>    (1) Increases in basis.--The basis of each shareholder's stock in an S corporation shall be increased for any period by the sum of the following items determined with respect to that shareholder for such period:
>
>        (A) the items of income described in subparagraph (A) of section 1366(a)(l),
>
>        (B) any nonseparately computed income determined under subparagraph (B) of section 1366(a)(1), and
>
>        (C) the excess of the deductions for depletion over the basis of the property subject to depletion.

Section 1366(a)(1) provides:

>    (1) In general.--In determining the tax under this chapter of a shareholder for the shareholder's taxable year in which the taxable year of the S corporation ends (or for the final taxable year of a shareholder who dies before the end of the corporation's taxable year), there shall be taken into account the shareholder's pro rata share of the corporation's--
>
>        (A) items of income (including tax-exempt income), loss, deduction, or credit the separate treatment of which could affect the liability for tax of any shareholder, and
>
>        (B) nonseparately computed income or loss.
>
>    For purposes of the preceding sentence, the items referred to in subparagraph (A) shall include amounts described in paragraph (4) or (6) of section 702(a).

The shareholder's basis, once computed, limits the amount of losses and deductions that may be taken into account by a shareholder for the taxable year.  Sec. 1366(d).

In memoranda filed with the Court prior to the hearing on these matters, several arguments were set forth in support of respondent's motions, including the argument that discharge of indebtedness income was "deferred" and not "tax-exempt income" under section 1366(a).  (Respondent did not argue that section 1367(b)(1) precluded an increase in basis with respect to income from discharge of indebtedness, presumably because, to the extent at issue here, such income was not required to be included on petitioners' returns.)  At the hearing on these matters, however, respondent abandoned those prior arguments and argued the following position:

> If the Court were to hold that excluded COD [cancellation (discharge) of indebtedness] is an item of income under Code section 1366, then you would have to find that it flows through to the taxpayers and they increase their basis.  Respondent's position is that it's not an item of income and never flows through
> * * *

We deal here solely with respondent's "final" position.

Respondent's position is based on section 1.61-12(a), Income Tax Regs., which states in part:  "The discharge of indebtedness, in whole or in part, may result in the realization of income", and on section 1.61-12(b), Income Tax Regs., which states in part:  "Income is not realized by a taxpayer * * * by virtue of an agreement among his creditors not consummated under any

provision of the Bankruptcy Act, if immediately thereafter, the taxpayer's liabilities exceed the value of his assets."

Section 1.61-12(b), Income Tax Regs., adopted by T.D. 6272, 1957-2 C.B. 18, 31, restates the pre-section 108 judicially created insolvency exception. See, e.g., Estate of Delman v. Commissioner, 73 T.C. 15, 32 (1979). Section 108 codified the insolvency exception as an exclusion from gross income. Bankruptcy Tax Act of 1980, Pub. L. 96-589, sec. 2, 94 Stat. 3389. Section 108(e)(1) provides that "there shall be no insolvency exception from the general rule that gross income includes income from the discharge of indebtedness", except as provided in section 108. Thus, section 108, not section 1.61-12(b), Income Tax Regs., controls in these cases.

Respondent would have us treat differently the operation of sections 61(a)(12) and 108 and, for example, sections 61(a)(4) and 103 (relating to interest) or sections 61(a)(10) and 101 (relating to insurance). Respondent argues that, as an illustration, death benefits are first realized under section 61(a)(10) and then certain death benefits are excluded, i.e., not recognized, by section 101. Respondent argues that no such realization occurs in the case of discharge of indebtedness.

Section 61 requires that certain amounts be included in income, i.e., items of income. Specifically, section 61(a)(12) requires that income from discharge of indebtedness be included in gross income. Absent any exclusionary provision, items of

income are included in gross income.  Sec. 61(a).  Sections 101 through 135 exclude specific items of income from gross income. Discharge of indebtedness income to the extent of insolvency is one of the items of income so excluded.  Sec. 108(a)(1)(A), (3).

Based on the foregoing, we hold that discharge of indebtedness is an "item of income" for purposes of determining a shareholder's basis in S corporation stock by its inclusion in the definition of gross income under section 61(a)(12).

On the basis of the record, respondent's motions for summary judgment will be denied, and petitioners' cross-motions for partial summary judgment will be granted.

To reflect the foregoing,

<u>Appropriate orders</u>

<u>will be issued</u>.